IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2096-FL

| | | |
|---|---|---|
| JOHN RAY SPARKS, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FRANK L. PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on respondent's motion to dismiss (DE 7) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On November 20, 2008, petitioner, in the Beaufort County Superior Court entered a plea of guilty, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to six counts of first-degree sexual offense with a child. (Pet. Attach. pp. 49-52.) As part of the plea agreement, petitioner acknowledged that his total maximum punishment was life imprisonment without parole. (Id. p. 51.) The State, in turn, agreed to consolidation of the offenses for one Class B1 judgment and agreed not to seek an aggravated sentence. (Id.) On November 20, 2008, the trial court sentenced petitioner

---

[1] Respondent has not indicated the Federal Rule of Civil Procedure pursuant to which he seeks dismissal of petitioner's action. Accordingly, the court assumes respondent is moving to dismiss this action pursuant to Rule 12(b)(6).

to a presumptive range term of 288-355 months imprisonment. (Id. p. 53.) Petitioner did not file a direct appeal.

On February 18, 2014, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Beaufort County Superior Court. (Pet. pp. 16-43.) The superior court denied petitioner's MAR on February 28, 2014. (Id. pp. 13-15.) On March 12, 2014, petitioner filed a motion for reconsideration in the superior court, which was summarily denied on March 21, 2014. (Resp't's Mem. Ex.s 1, 2.) On April 9, 2014, petitioner filed a petition for a writ of certiorari in the North Carolina Court of Appeals, seeking review of the denial of his MAR. (Pet. pp. 1-11.) On April 25, 2014, the court of appeals denied petitioner's certiorari petition. (Id. p. 12.)

On May 5, 2014,[2] petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised the following claims in his § 2254 petition: (1) the trial court erred in accepting his guilty plea without a factual basis; (2) he received ineffective assistance of counsel because his counsel failed to investigate the elements of the offense; (3) his sentence was grossly disproportionate; (4) his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution were violated because the court failed to impose a mitigated sentence; and (5) his rights pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution were violated when the MAR court refused to retroactively apply amendments to state sentencing laws.

---

[2] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated May 5, 2014, but filed on May 8, 2014, to be filed on May 5, 2014. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

Respondent subsequently moved to dismiss petitioner's habeas petition on the grounds that it was filed outside of the statute of limitations, and therefore is time-barred. The motion was fully briefed.

**DISCUSSION**

A.  Motion to Dismiss

   1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

2. Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

a. Claims One through Four

The statutory period for petitioner's first four claims began to run on the date petitioner's judgment became final. Judgment in this case was entered on November 20, 2008. Petitioner thereafter had 14 days after the entry of judgment to file an appeal. N.C.R. of App. P. 4(a). Petitioner did not file an appeal. Therefore, petitioner's judgment became final on December 4, 2008. As a result, petitioner's one-year statutory period for his first four claims began to run on December 4, 2008, and ran for 365 days until it expired on December 4, 2009.

Petitioner's February 18, 2014, MAR, and subsequent filings, did not operate to toll the running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See

4

Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); see also, Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006). Thus, petitioner is not entitled to statutory tolling after the statutory period expired.

      b.      Claim Five

The court now turns to the calculation of the statute of limitations for petitioner's fifth claim–that he was denied equal protection of the laws when the MAR court refused to retroactively apply the 2009 amendments to North Carolina's Structured Sentencing laws. Respondent asserts that § 2244(d)(1)(D) provides the appropriate statute of limitation accrual date for this claim. The statute of limitation period is triggered pursuant to § 2244(d)(1)(D) on the date which the exercise of due diligence would have led the petitioner to discover the factual predicate of his claim. Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (citing Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003)). In evaluating a petitioner's diligence, a court must consider that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005).

In this case, the record reflects that the SSA amendments became effective on December 1, 2009. See N.C. Sess. Laws 556, § 2 ("This act becomes effective December 1, 2009, and applies to offenses committed on or after that date.") Accordingly, the statute of limitations period began to run on December 1, 2009, and ran for three hundred and sixty-five (365) days until it expired on

5

December 1, 2010, which was prior to the date petitioner filed this action on May 5, 2014.[3] As stated, petitioner's MAR and subsequent filings do not operate to toll the running of the statutory period. See 28 U.S.C. § 2244(d)(2). Thus, petitioner's claim five is barred by the one-year statute of limitation.

        c.      Equitable Tolling

As a defense to the running of the statute of limitations, petitioner appears to contend that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner contends that he is entitled to equitable tolling because he received ineffective assistance of counsel. Generally, ineffective assistance of counsel does not warrant equitable tolling.

---

[3] To the extent petitioner also challenges the 2011 amendments to the Justice Reinvestment Act ("JRA"), this claim also is time-barred. The JRA became effective on December 1, 2011. See N.C. Gen Stat. § 15A-1340.17 (2011). Accordingly, the statute of limitations for this claim would have expired on December 1, 2012, which was prior to the date petitioner filed this action on May 5, 2014, or his MAR on February 18, 2014.

6

See Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000); but cf. Holland v. Florida, 560 U.S. 631 (2010) (remanding for determination whether counsel's ineffective assistance warranted tolling in view of diligence exercised by prisoner). However, equitable tolling based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect." United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010) (citation omitted). Extraordinary circumstances may be demonstrated by a showing of an extraordinary "failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his client informed of key developments in their case, or to never abandon a client." Id.

Petitioner asserts in his § 2254 petition that his trial counsel was ineffective because she failed to advise petitioner of his right to appeal his conviction and sentence. Petitioner, however, does not provide any facts to explain how his failure to file a notice of appeal prevented him from complying with the one year statute of limitation for his § 2254 petition. See United States v. Bear, No. 1:06CR00018, 2:05CR00029, 2010 WL 2773309, *2–3 (W.D.Va. 2010), appeal dismissed, 397 F. App'x 877 (4th Cir. 2010); see also, Van Horn v. Ballard, No. 1:10cv80, 2010 WL 5872405, at *3 (N.D. W. Va. Aug. 27, 2010) ("As to the petitioner's claim that the one-year limitation should be equitably tolled because counsel failed to file a direct appeal, the respondent asserts that even if that were true, counsel's failure to file a direct appeal did not prevent the petitioner from filing a timely federal habeas petition and equitable tolling is not warranted."). Petitioner's remaining vague and conclusory allegations of ineffective assistance of counsel asserted in his MAR are insufficient to establish that the alleged negligence in this case was anything other than a "garden variety claim of excusable neglect." Oriakhi, 394 F. App'x at 977. Accordingly, petitioner has not demonstrated

7

that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit, and is not entitled to equitable tolling on this ground.

Petitioner also contends that he is entitled to equitable tolling because the post-conviction court failed to grant an evidentiary hearing and to appoint counsel pursuant to the United States Supreme Court's rulings in Martinez v. Ryan, __U.S. __, 132 S.Ct. 1309 (2012), Trevino v. Thaler, __ U.S. __, 133 S.Ct. 1911 (2013). Martinez and Trevino are inapplicable to the determination of timeliness under AEDPA's one-year statute of limitations because they each addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas proceeding. See Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) (declining to extend Martinez and Trevino rules to time-barred § 2254 petitions); see also, Wilson v. Perry, No. 1:14-CV-576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) ("*Martinez* and *Trevino* each addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas proceeding. Thus, *Martinez* and *Trevino* are inapplicable to the determination of untimeliness under the AEDPA one-year statute of limitations.""), appeal dismissed, 588 F. App'x 216 (4th Cir. 2014). Thus, petitioner is not entitled to equitable tolling on this ground.

        d.      Actual Innocence

In addition to his equitable tolling claims, petitioner contends that his action is not time-barred because he is actually innocent of the offenses at issue. Recently, the Supreme Court recognized in McQuiggin v. Perkins, ––– U.S. ––––, ––––, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitations. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty

8

beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, ––– U.S. at ––––, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Further, "claims of actual innocence are rarely successful," Schlup, 513 U.S. at 324, and "should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).

In support of his actual innocence claim, petitioner asserts he has "diligently searched new evidences that contribute them to exculpate the Petitioner as the perpetrator of the [] crimes." (Pet. p. 13.) Specifically, in his MAR, petitioner states that the "State [] failed to present exculpatory evidences to the [trial] court whose witnesses of the State, not only contradict themselves of what 'allegedly' happened to them, but also the medical reports that established NO physical injury in their genitalia area." (Id. Attach. p. 23.) Petitioner, however, was aware of whether he was actually innocent of the alleged offenses on the date he entered his guilty plea, and his unexplained delay in presenting the alleged claim of actual innocence undercuts the claim's reliability. Additionally, the exculpatory nature of the alleged medical reports reflecting no physical injury to the victim's genitalia area is questionable in that an injury is not required for a sexual offense against a child conviction. Petitioner, further, does not provide any explanation as to how the witness statement conflict or why such evidence is exculpatory. Thus, petitioner has not alleged facts to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt and his vague and conclusory conclusory allegations regarding the alleged withheld exculpatory evidence and prosecutorial misconduct are insufficient to state a claim of

9

actual innocence. See McKissick v. Warden Evans Corr. Inst., No. 2:12-cv-00015-RBH, 2013 WL 4585613, at *10 (D.S.C. Aug. 28, 2013) ("Furthermore, in Ground One, Petitioner makes vague claims of Brady violations and prosecutorial misconduct as well as ineffective assistance of trial and appellate counsel. [] Vague allegations, without any explanation of the alleged constitutional errors, do not warrant federal habeas relief.")

To the extent petitioner relies upon his self-serving affidavit of actual innocence, such affidavit is insufficient to excuse his procedural default. See Nickerson, 971 F.2d at 1136; see, e.g., Turner v. Director, Virginia Dept. of Corrections, No. 1:13cv998, 2013 WL 6506179, at *3 (E.D. Va. Dec. 6, 2013) ("Here, petitioner's conclusory arguments that new evidence of some ill-defined "fraud" by the Commonwealth undermines the validity of his convictions,[] falls far short of meeting this exacting standard. Therefore, petitioner's reliance on *McQuiggin* to overcome the untimeliness of this petition is unavailing."), appeal dismissed, 591 F. App'x 217 (4th Cir. 2015); see also, Butler v. Estes, No. 6:15-cv-0162, 2015 WL 3626649, at * (N.D. Ala. June 10, 2015) ("Butler's showing, including the affidavits, does not come close to warranting an evidentiary hearing on actual innocence. Butler's own self-serving, conclusory, and belated protests of innocence despite his guilty plea are not themselves the stuff of which *McQuiggin* gateway claims are made.") (citations omitted). Based upon the foregoing, petitioner's actual innocence claim does not excuse the untimely filing of this § 2254 petition.

B.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to

10

dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 7) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 4th day of August, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge